DAVID G. HALM, SBN: 179957
david.halm@qpwblaw.com
ALESSANDRA SANTANA, SBN: 347772
alessandra.santana@qpwblaw.com
**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
500 N. Brand Boulevard, Suite 1650
Glendale, California 91203

Telephone: 213.486.0048
Facsimile: 213.486.0049

Attorneys for Defendant, TARGET
CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| BECKY CARPIO,<br><br>                Plaintiff,<br><br>    vs.<br><br>TARGET CORPORATION, and DOES 1 through 25, inclusive,<br><br>                Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) DIVERSITY**<br><br>State Action Filed: 07/20/2023 |

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. sections 1332, 1441, and 1446, Defendant TARGET CORPORATION ("Defendant" or "TARGET") hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, Western Division.

1.      On July 20, 2023, Plaintiff BECKY CARPIO ("Plaintiff") filed an action in the Superior Court of the State of California, Los Angeles, Case No. 23SMCV03268, entitled <u>BECKY CARPIO v. TARGET CORPORATION, ET</u>

1

1    AL. (the "State Court Action").

2        2.      Service of the Summons and Complaint upon TARGET was made by

3    personal service on July 24, 2023. True and correct copies of the Summons, Civil

4    Case Cover Sheet and Addendum, Complaint, Notice of Case Assignment, Notice

5    of Case Management Conference, General Orders, Alternative Dispute Resolution

6    Information Package and Stipulations served on TARGET are attached hereto as

7    **Exhibit A**. A true and correct copy of the Proof of Service of Service of Summons

8    is attached hereto as **Exhibit B**.

9        3.      The Complaint alleges claims for General Negligence and Premises

10   Liability arising out of a slip and fall incident that occurred in one of TARGET's

11   stores on or about August 7, 2021.  Plaintiff prays for compensatory damages.

12       4.      On August 18, 2023, TARGET filed its Answer to the Complaint in

13   the State Court Action ("Answer"). A true and correct copy of TARGET's Answer

14   is attached hereto as **Exhibit C.**

15                           **BASIS FOR REMOVAL**

16   **Complete Diversity of Citizenship Exists Between Plaintiff and Defendant**

17       5.      Complete diversity of citizenship exists in that Plaintiff is a citizen of

18   California. TARGET, the only defendant named in the Complaint, is, and was at

19   the time this action was commenced, a corporation incorporated in the State of

20   Minnesota with its principal place of business in that State, and is therefore a

21   citizen of Minnesota. There is now, and there was at the time of the commencement

22   of this action, complete diversity between Plaintiff and Defendant.

23       6.      TARGET is a corporate citizen of Minnesota. If a party is a

24   corporation, it is a citizen of both its state of incorporation and the state where it has

25   its principal place of business. 28 U.S.C. §1332(c)(1). At all relevant times herein,

26   TARGET has been incorporated in Minnesota and has maintained control from its

27   headquarters in Minneapolis, Minnesota.

28       7.      In the U.S. Supreme Court case, *Hertz Corp. v. Friend*, 559 U.S. 77,

130 S. Ct. 1181 (2010), the Supreme Court held that a corporation's "principal place of business" for purposes of determining federal diversity jurisdiction is its "nerve center" -- the place where the corporations' high-level officers direct, control and coordinate the corporation's activities. This is usually the corporate headquarters. Applying the "nerve center test" to this case, TARGET's principal place of business is Minneapolis, Minnesota. TARGET does not conduct "substantially all" of its business in any single state, nor does TARGET's business in any single state "substantially predominate" over any other. TARGET is a quintessential multistate corporation, with operations in each of the 50 states, <u>all of which are directed, controlled and coordinated by officers in Minneapolis, Minnesota</u>, without regard to locale, in furtherance of the corporate objective.

8.      Other courts applying the "nerve center test" with respect to TARGET have similarly reached this conclusion. *See*, *e.g.*, *Maldonado v. Target Corp.*, *et al.*, 2015 U.S. Dist. LEXIS 90011, at *1-2 (C. D. Cal.) (holding "Target has established that Minnesota is its principal place of business under the 'nerve center' test" and that complete diversity existed); *Gonzalez v. Target Corp.*, 2013 U.S. Dist. LEXIS 145769, at *4-6 (E. D. Cal.) (finding declaratory evidence averring that TARGET's retail stores and distribution centers were directed from its headquarters in Minneapolis, Minnesota, which houses Target's administrative and financial offices and bulk of corporate records, showed Target was a citizen of Minnesota for diversity purposes); *see also*, *Lopez v. Target Corp.*, 2011 U.S. Dist. LEXIS 117881 *4-5.

9.      DOES 1 to 25 are named and sued fictitiously and their citizenship is disregarded as a matter of law for purposes of removal on grounds of diversity jurisdiction. 28 U.S.C. §1441(b)(1).

10.      As set forth above, the complete diversity requirements are satisfied. *See,* 28 U.S.C. §1332(a); *Hertz*, *supra*, 559 U.S. at 80-81.

### The Amount in Controversy Exceeds $75,000.00

11.    On or about October 28, 2022, Plaintiff's counsel emailed copies of medical bills to Target Corporation's general liability policy administrator, Sedgwick Claims Management Services, in the amount of $123,083.37 for treatment of Plaintiff's injuries allegedly caused by the incident:

a. Providence Health & Services - St. John's Health Center **$102,941.79.**

b. Maria L. Davis, M.D. - Cedars Sinai **$20,141.58.**

**TOTAL: $123,083.37.**

12.    Plaintiff's alleged damages therefore exceed $75,000.00, exclusive of interest and costs. In her Complaint, Plaintiff claims she was injured at Defendant's store after she purportedly slipped and fell on a dangerous condition. Under 28 U.S. Code § 1446(b)(3) "Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Roth v. CHA Hollywood Med. Ctr., L.P.,* 720 F.3d 1121, 1124 (9th Cir. 2013). "[T]he definition of 'other paper' is broad and may include any formal or informal communication received by a defendant". *Wilson v. Target Corp.*, 2010 WL 3632794, at *2 (S.D. Fla. Sept. 14, 2010). Therefore, by way of the above-mentioned medical billings, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Thus, the threshold amount in controversy under 28 U.S.C. section 1332(a) is satisfied for purposes of diversity jurisdiction.

13.    This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between Plaintiff and Defendant and the amount in controversy to be determined exceeds $75,000.  In addition, this is an action which may be removed pursuant to 28 U.S.C. § 1441(a).

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B) DIVERSITY

### **Removal is Timely**

14.     This removal is timely in that 28 U.S.C. section 1441(b)(3) permits a defendant to file a notice of removal within thirty (30) days after defendant receives, "through service or otherwise, a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Defendant was served with Plaintiff's Complaint on or about July 24, 2023.

15.     No further proceedings have occurred in the matter now pending before in the State Court Action. There is a Case Management Conference scheduled for January 12, 2024, at 8:30a.m.

16.     TARGET will promptly file a removal notice, together with a copy of the instant Notice of Removal, with the Clerk of the Superior Court of the State of California, County of Los Angeles, and will serve written notice on counsel of record for Plaintiff.

WHEREFORE, Target hereby gives notice that the referenced action is removed in its entirety from the Superior Court for the State of California, County of Los Angeles, to the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. §§ 1332, 1441(a)-(b), and 1446.

DATED: August 22, 2023          **QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**


By: _____ */s/ David G. Halm* _____
          DAVID G. HALM, ESQ.
          Attorney for Defendant, TARGET
          CORPORATION

## **PROOF OF SERVICE**

   I am a citizen of the United States. My business address is 500 North Brand Blvd., Suite 1650, Glendale, California 91203.  I am employed in the County of Los Angeles where this service occurs.  I am over the age of 18 years, and not a party to the within cause.

   On the date set forth below, according to ordinary business practice, I served the foregoing document entitled:

### **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) DIVERSITY**

☒  (BY CM/ECF)  I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will s end notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants (if any) indicated on the Manual Notice list.

☐  (BY E-MAIL) On this date, I personally transmitted the foregoing document(s) via electronic mail to the e-mail address(es) of the person(s) on the attached service list.

☐  **(**BY MAIL**)**  I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.  On this date, I placed the document(s) in envelopes addressed to the person(s) on the attached service list and sealed and placed the envelopes for collection and mailing following ordinary business practices.

Andrew L. Treger, Esq.
BAER TREGER LLP
2121 Avenue of the Stars, Suite 800
Los Angeles, CA 90067
Tel: 310-226-7570
Fax: 310-226-7571
Email: atreger@baertreger.com

Attorneys for Plaintiff
**BECKY CARPIO**

☒  (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 22, 2023, at Palmdale, California.


        */s/Liseth Gonzalez*
         Liseth Gonzalez

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B) DIVERSITY