# EXHIBIT C

DAVID G. HALM, SBN: 179957
david.halm@qpwblaw.com
ALESSANDRA SANTANA, SBN: 347772
alessandra.santana@qpwblaw.com
**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
500 N. Brand Boulevard, Suite 1650
Glendale, CA 91203
Telephone: 213.486.0048
Facsimile: 213.486.0049

Attorneys for Defendant,
TARGET CORPORATION

Electronically FILED by
Superior Court of California,
County of Los Angeles
8/18/2023 1:57 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By K. Scurlock, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| BECKY CARPIO, an individual.<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, and DOES 1-25,<br><br>Defendants. | **CASE NO. 23SMCV03268**<br><br>[**Judge: Hon. Edward B. Moreton, Jr.<br>Dept: 205, Beverly Hills Courthouse**]<br><br>**DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Action Filed: 07/20/2023 |

Defendant **TARGET CORPORATION** ("Defendant") hereby answers the unverified COMPLAINT FOR DAMAGES ("Complaint") of Plaintiff **BECKY CARPIO** ("Plaintiff").

### GENERAL AND SPECIFIC DENIALS

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in the Complaint, and further denies that Plaintiff has been damaged in the amount or amounts alleged therein, or in any other amount, or at all, by reason of any act or omission on the part of Defendant, or by any act

or omission by any agent or employee of Defendant. Defendant further denies, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

## FIRST AFFIRMATIVE DEFENSE

### (Fails To State)

1.     The Complaint and every purported cause of action therein fail to set forth facts sufficient to state a cause of action for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Accidental or Unavoidable Injury)

2.     The Complaint, and each and every cause of action alleged therein, is barred because Defendant was not negligent at the time of the accident.

## THIRD AFFIRMATIVE DEFENSE

### (Acts of Other Parties)

3.     Defendant alleges that, if Defendant is subjected to any liability by Plaintiff, it will be due in whole or in part to the acts and/or omissions of other parties, or parties unknown at this time, and any recovery obtained by Plaintiff should be barred or reduced according to law, up to and including the whole thereof.

## FOURTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

4.     That at all times and places of the incident alleged in Plaintiff's Complaint, Plaintiff knew of the danger and risk incident to Plaintiff's undertaking, but despite such knowledge, Plaintiff freely and voluntarily assumed and exposed Plaintiff to all risk of harm and consequential injuries and damages, if any, therefrom, thereby barring Plaintiff's recovery.

## FIFTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

5.     Defendant alleges that Plaintiff was negligent, and otherwise at fault, with regards to the events alleged in the Complaint, and such negligence and fault is the proximate cause of any liabilities or damages Plaintiff may incur. Accordingly, Plaintiff's recovery, if any, should be precluded or reduced in proportion to her negligence and fault.

DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED
COMPLAINT AND DEMAND FOR JURY TRIAL

**SIXTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

6.      Plaintiff has engaged in conduct with respect to the activities and/or property which is the subject of the Complaint, and by reason of said activities and conduct, is estopped from asserting any claim for damages or seeking any other relief against this answering Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Exercise of Reasonable Care)**

7.      Defendant exercised reasonable care and did not know, and in the exercise of reasonable care could not have known, of the alleged acts or allegations in connection with the conditions which are the subject of the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Failure of Others to Exercise Reasonable Care)**

8.      If Defendant is subjected to any liability herein, it will be due in whole, or in part, to the acts and/or omissions of other Defendants or other parties unknown at this time, and any recovery obtained by Plaintiff should be barred or reduced according to law, up to and including the whole thereof.

**NINTH AFFIRMATIVE DEFENSE**

**(Failure to Exercise Ordinary Care)**

9.      The Complaint, and each and every cause of action alleged therein, is barred in that Plaintiff failed to exercise ordinary and reasonable care on Plaintiff's own behalf and such negligence and carelessness was a proximate cause of some portion, up to and including the whole of, Plaintiff's own alleged injuries and damages, if any, and Plaintiff's recovery therefore should be barred or reduced according to law, up to and including the whole thereof.

**TENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

10.      Plaintiff failed to take reasonable steps and make reasonable expenditures to reduce claims, damages, losses, if any, and that said failure to mitigate Plaintiff's damages bars or reduces any claims, losses, or damages.

DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED
COMPLAINT AND DEMAND FOR JURY TRIAL

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Intervening Acts of Others)**

11.     The Complaint, and each and every cause of action alleged therein, is barred because the injuries and damages sustained by Plaintiff, if any, were proximately caused by the intervening and superseding actions of others, which intervening and superseding actions bar and/or diminish Plaintiff's recovery, if any, against Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Laches)**

12.     The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of laches.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Notice)**

13.     Defendant alleges that it did not have either actual or constructive notice of the conditions, if any, which existed at the time and places mentioned in the Complaint, which conditions may have caused or contributed to the damages as alleged herein. Said lack of notice prevented Defendant from undertaking any measures to protect against or warn of said conditions.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Particularity)**

14.     The Complaint, and each and every cause of action alleged therein, is barred in that Plaintiff failed to particularize the claims in the Complaint, thereby depriving Defendant of the ability to ascertain the true bases of Plaintiff's claim, if any, and the law applicable to the claim.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

15.     The Complaint, and each and every cause of action alleged therein, is barred because Plaintiff lacks standing.

DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Obvious Danger)

16.     Defendant alleges that Plaintiff failed to exercise reasonable and ordinary care, caution, or prudence for Plaintiff's safety in order to avoid the alleged accident. The resulting injuries and damages, if any, sustained by Plaintiff was proximately caused and contributed to by the negligence of Plaintiff, in that any possible danger with regard to the accident in question was obvious to anyone using reasonable care.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Reimbursement)

17.     Defendant alleges that any reimbursement, from whatever source to Plaintiff of the alleged damages must be applied against any liability of Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Res Judicata/Collateral Estoppel)

18.     The Complaint, and each and every cause of action alleged therein, is barred by the doctrines of res judicata and/or collateral estoppel.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Several Liability for Non-Economic Damages)

19.     If Defendant has any liability to Plaintiff in this action, which is denied, it is only severally liable for Plaintiff's non-economic damages under California Civil Code sections 1431.1 and 1431.2. Therefore, Defendant requests a judicial determination of the percentage of its negligence, if any, which proximately contributed to the subject incident.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

20.     The Complaint, and each and every cause of action alleged therein, is barred by the applicable statute of limitations, including, but not limited to, Government Code sections 12960 and 12965; Code of Civil Procedure sections 335.1, 337, 338, 339, 340 and 343; and Business and Professions Code section 17208.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Uncertainty)

21.     Defendant alleges that the causes of action in the Complaint, and each of them, are uncertain and ambiguous as to Plaintiff's claim for damages against Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Waiver)

22.     The Complaint, and each and every cause of action alleged therein, is barred by Plaintiff's waiver.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Willful Misconduct)

23.     Defendant alleges that if Plaintiff was injured and/or damaged as set forth in the Complaint, or in any other way, sum or manner, or at all, then said injuries and/or damages and the whole thereof, proximately and concurrently resulted from and were caused, in whole or in part, by the willful and serious misconduct on the part of the Plaintiff with regard to each and every activity at the times and places mentioned in the Complaint and all times relevant thereto.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Acts of Fictitiously Named Cross-Defendants)

24.     This answering Defendant is not legally responsible for the acts and/or omissions of those Defendants fictitiously named herein as Does 11 through 25.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Act of God)

25.     Any and all events, happenings, injuries and damages, if any, as alleged in the complaint, were a direct result of an unforeseeable act of God.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Set-Off to Recovery)

26.     This answering Defendant is entitled to a set-off as a result of any recovery made by Plaintiff from any other party, in connection with the damages claimed in this lawsuit.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Not an Agent, Servant or Representative)

27.    This answering Defendant neither was, nor is, at any time material to the complaint in issue, an agent, servant, representative, employee, partner or joint-venturer with any of the other Defendant named herein.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Doctrine of Unclean Hands)

28.    By virtue of Plaintiff's unlawful, immoral, careless, negligent, and/or other wrongful conduct, Plaintiff should be barred from recovering against this answering Defendant by the equitable doctrine of unclean hands.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Damages Caused by Acts or Omissions Beyond Defendant's Control)

29.    The damages sustained by Plaintiff, if any, were proximately caused by the acts, omissions, negligence, fraud, and/or breach of obligations by persons other than Defendant and beyond Defendant's supervision and control.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Lack of Dangerous Condition)

30.    There was no dangerous condition which caused Plaintiff to injure Plaintiff's self.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Additional Defenses)

31.    Defendant may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize Plaintiff's claims, due to the fact that Defendant does not have copies of certain documents bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs for which Plaintiff alleges that Defendant may share some responsibility. Defendant therefore reserves the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the

DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED
COMPLAINT AND DEMAND FOR JURY TRIAL

1  alleged damage claims and claims for costs, and upon the development of other pertinent

2  information.

3  **PRAYER FOR RELIEF**

4  WHEREFORE, Defendant prays for judgment as follows:

5  1.  That Plaintiff take nothing by way of the Complaint.

6  2.  That judgment be entered against Plaintiff and in favor of Defendant on all causes of

7  action.

8  3.  That Defendant be awarded attorneys' fees and costs of suit incurred herein; and

9  4.  That Defendant be awarded such other and further relief as the Court may deem just

10  and proper.

11  DATED:  August 18, 2023          **QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

12

13

14  By:  _____

15  DAVID G. HALM
   Attorneys for Defendant, TARGET CORPORATION

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED
COMPLAINT AND DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury in the above-entitled matter.

DATED:  August 18, 2023

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

By: _____
DAVID G. HALM
Attorneys for Defendant, TARGET
CORPORATION

9

DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED
COMPLAINT AND DEMAND FOR JURY TRIAL

**PROOF OF SERVICE**
*Becky Carpio v. Target Corporation*
Superior Court of the State of California for the County of Los Angeles
Case No.: 23SMCV03268
Client/Matter: 187781

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 500 N. Brand Boulevard, Suite 1650, Glendale, CA 91203.

On August 18, 2023, I served the following document described as **DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL** on the following persons at the following address:

**SEE ATTACHED SERVICE LIST**

☐    **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☒    **BY ELECTRONIC SERVICE:** I caused the above-entitled document(s) to be served via E-mail to the E-mail addresses on the attached Service List. The document(s) is not being served by U.S. mail due to the COVID-19 coronavirus National Emergency and stay-at-home orders. Electronic service is being made pursuant to an agreement with all parties and pursuant to California Code of Civil Procedure § 1010.6. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

☐    **BY MESSENGER SERVICE**: I delivered said document(s) to a professional messenger service for service by hand delivery to the addressee(s) on the attached Service List.

☐    **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 18, 2023, at Palmdale, California.

LISETH GONZALEZ

10
DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

1
2
3

## **SERVICE LIST**

*Becky Carpio v. Target Corporation*
Superior Court of the State of California for the County of Los Angeles
Case No.: 23SMCV03268
Client/Matter: 187781

4
5
6
7
8

| Andrew L. Treger, Esq. | Attorneys for Plaintiff |
|---|---|
| BAER TREGER LLP | **BECKY CARPIO** |
| 2121 Avenue of the Stars, Suite 800 | |
| Los Angeles, CA 90067 | |
| Tel: 310-226-7570 | |
| Fax: 310-226-7571 | |
| Email: atreger@baertreger.com | |

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED
COMPLAINT AND DEMAND FOR JURY TRIAL