DAVID G. HALM, ESQ., SBN: 179957
David.Halm@qpwblaw.com
SHEILA VAJDI, ESQ., SBN: 345340
Sheila.Vajdi@qpwblaw.com
**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
500 N. Brand Boulevard, Suite 1650
Glendale, California 91203

Telephone: 213.486.0048
Facsimile: 213.486.0049

Attorneys for Defendant, TARGET CORPORATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| BECKY CARPIO,<br><br>         Plaintiff,<br><br>    vs.<br><br>TARGET CORPORATION, and DOES 1 to 25, inclusive<br><br>         Defendants. | **CASE NO. CV 23-6917-GW-MAAx**<br><br>**JOINT RULE 26(f) REPORT**<br><br>Scheduling Conference<br>Date: October 2, 2023<br>Time: 8:30 a.m.<br>Courtroom: 9D<br><br>Case Filed: August 22, 2023<br>State Court Action Filed: July 20, 2023<br>Trial Date: None |

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, on September 6, 2023, a conference was held between Andrew L. Treger, Esq. of the BAER TREGER LLP, counsel for Plaintiff BECKY CARPIO ("Plaintiff"), and Sheila Vajdi, Esq. of QUINTAIROS, PRIETO, WOOD & BOYER, P.A., counsel for Defendant Target Corporation ("Target" and with "Plaintiff" the "Parties"). Plaintiff and Target hereby submit their Joint Report.

1.     Statement of the Case

This action arises from injuries Plaintiff alleges she sustained when she slipped and fell on a liquid on August 7, 2021, while at a Target store in Culver

1

JOINT RULE 26(f) REPORT

City, California. Plaintiff's Complaint alleges claims for Premises Liability and Negligence. Target denies Plaintiff's claims and asserts that it is not liable for Plaintiff's injuries and resulting damages.

Target denies liability for Plaintiff's claimed damages. Among other affirmative defenses, Target's defense is based on the theory that the condition upon which Plaintiff claims she slipped and fell was open and obvious. Target also contends that Plaintiff's damages, if any, are caused by preexisting conditions and were not the result of the alleged incident.

2. <u>Subject Matter Jurisdiction</u>

This Court has diversity jurisdiction.

3. <u>Legal Issues</u>

The key legal issues are:

1. Whether Target had actual or constructive notice of an alleged dangerous condition in its premises;
2. Whether Target failed to take reasonable steps to prevent Plaintiff from suffering damages due to any alleged dangerous condition in its premises;
3. Whether Target's failure, if any, to take reasonable steps to prevent Plaintiff from suffering damages due to any alleged dangerous condition in its premises caused Plaintiff's claimed damages;
4. Whether Target was negligent;
5. Whether Target's negligence if any caused Plaintiff's claimed damages;
6. What are the nature and extent of Plaintiff's claimed damages;
7. Whether Plaintiff and/or other parties are the cause of Plaintiff's claimed damages.

4. <u>Parties, Evidence, etc.</u>

The parties are Plaintiff Becky Carpio and Defendant Target Corporation.

For conflict purposes, Target identifies the following additional involved entities: Sedgwick CMS, Target's claims management service, and ACE USA, Target's liability insurance company.

Percipient witnesses:  Plaintiff Becky Carpio, Plaintiff's health care providers, and potential witnesses employed by Target. Plaintiff and Target also anticipate calling expert witnesses to testify about liability, causation and/or damages issues including without limitation medical experts. Plaintiff and Target will supplement this list as additional information becomes available.

Key documents: Target's policies and procedures, sweep sheets, maintenance and repair records, Plaintiff's medical and billing records pertaining to her alleged treatment and injuries arising out of the incident, photographs, and if available Target Guest Incident Report. Plaintiff and Target will supplement this list as additional information becomes available.

5. Damages

Plaintiff claims special damages in the form of medical specials and general damages in the form of pain and suffering.  Plaintiff's medical specials presently total over $75,000.  Plaintiff may also claim loss of income in an amount to be determined.

6. Insurance

Target has general liability insurance coverage in the amount of $3 million with no reservation of rights.

7. Motions

a. Procedural Motions

There is no likelihood of motions seeking to add other parties or claims, file amended pleadings or transfer venue. The deadline to amend the pleadings is December 22, 2023.

The deadline to hear a motion *In Limine* is August 22, 2024, the date of the Final Settlement Conference.

b. Class Certification Motions

There is no likelihood that class certification motions will be required for this case.

c. Dispositive Motions

Target may file a motion for summary judgment or, in the alternative, summary adjudication of issues on the grounds that Target did not have actual or constructive notice of any dangerous condition alleged to have caused Plaintiff's damages. The deadline to hear a dispositive motion, or motions other than *Motions in Limine* is July 18, 2024.

8. Manual for Complex Litigation

This is not a complex case. The Manual for Complex Litigation should not be utilized.

9. Discovery

a. Status of Discovery

The parties will promptly proceed with discovery as outlined below.

b. Discovery Plan

The parties will engage in written discovery, document requests and production, depositions and expert witness disclosures. At this time, the parties do not believe that any changes should be made in the disclosures under Rule 26(a), discovery should be conducted in phases or otherwise limited, that any applicable limitations should be changed or that the Court should enter any orders other than a protective order limiting the use and dissemination of documents produced by Target that it claims to be confidential.

The subjects on which discovery will be needed are as follows:

1. Plaintiff's claims and contentions that Target had actual or constructive notice of the condition at the subject Target store that caused him alleged injuries, Target's alleged failure to prevent Plaintiff's injuries caused by the alleged subject condition, Target's alleged negligence that caused Plaintiff's alleged

4

JOINT RULE 26(f) REPORT

injuries, whether Target's acts and/or omissions caused Plaintiff's alleged injuries, medical, employment, income, earnings records, billing information, treatment, any pre-existing and/or post-incident injuries to the parts of his body claimed to have been injured during the subject incident, as well as testimony and documents supporting Plaintiff's general damages claims;

      2. Witnesses to the incident and to any of Plaintiff's claimed resulting injuries and damages; and

      3. Plaintiff's medical examination.

      4. Plaintiff will be conducting discovery by propounding written discovery, request for production of documents, special interrogatories, request for admissions, and the depositions of Target's persons most knowledgeable regarding the subject incident, maintenance of storage items, customer safety as it pertains to injuries and inspection of Target's cleaning and floor safety, Target employees on duty responding to the scene and responsible for maintenance and inspection of the subject store.

    c.  <u>Discovery Cut-off</u>

The parties propose that the final day for completion of written discovery, requests for production of documents and percipient witness depositions and resolution of discovery motions should be May 15, 2024.

    d.  <u>Expert Discovery</u>

The parties propose that all expert discovery shall be completed by June 14, 2024.

    e.  <u>Settlement/Alternative Dispute Resolution (ADR)</u>

The parties have not discussed settlement demands or offers and no written settlement communications have occurred. The parties discussed the possibility for promptly settling the case. The parties request reference for private mediation.

    f.  <u>Trial Estimate</u>

The parties estimate that a jury trial of this case will last 5-7 court days.

Target anticipates calling approximately 5 to 7 witnesses. Plaintiff anticipates calling approximately 5 to 7 witnesses. Depending on whether the defense will require the custodian of records from all of plaintiff's treating locations, this number of witnesses could increase proportionately.

1. Lead Trial Counsel

Trial counsel for Plaintiff is Andrew L. Treger, Esq., Baer Treger LLP. Trial counsel for Target is David G. Halm, Esq., Quintairos, Prieto, Wood & Boyer, P.A.

2. Independent Expert or Master

This is not a case where the Court should appoint a master pursuant to Rule 53 or an independent scientific expert.

3. Other Issues

The parties are not aware of any other issues at this time.

10. Final Status Conference

The Final Status Conference will occur on August 22, 2024.

11. Trial

The trial will begin on September 3, 2024.

Respectfully submitted,

DATED: September 21, 2023    BAER TREGER LLP

By:  /s/ Andrew L. Treger
     Andrew L. Treger, Esq.
     Attorneys for Plaintiff
     BECKY CARPIO

DATED: September 21, 2023    QUINTAIROS, PRIETO, WOOD & BOYER, P.A.

By:  /s/ David G. Halm
     David G. Halm, Esq.
     Attorneys for Defendant
     TARGET CORPORATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

# PROOF OF SERVICE

I am a citizen of the United States. My business address is 500 North Brand Blvd., Suite 1650, Glendale, California 91203. I am employed in the County of Los Angeles where this service occurs. I am over the age of 18 years, and not a party to the within cause.

On the date set forth below, according to ordinary business practice, I served the foregoing document entitled:

## JOINT RULE 26(f) REPORT

☒ **(BY CM/ECF)** I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants (if any) indicated on the Manual Notice list.

☐ **(BY E-MAIL)** On this date, I personally transmitted the foregoing document(s) via electronic mail to the e-mail address(es) of the person(s) on the attached service list.

☐ **(BY MAIL)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business. On this date, I placed the document(s) in envelopes addressed to the person(s) on the attached service list and sealed and placed the envelopes for collection and mailing following ordinary business practices.

Andrew L. Treger, Esq.
BAER TREGER LLP
2121 Avenue of the Stars, Suite 800
Los Angeles, CA 90067
Tel: 310-226-7570
Fax: 310-226-7571
Email: atreger@baertreger.com

Attorneys for Plaintiff
**BECKY CARPIO**

☒ (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 21, 2023, at Palmdale, California.

*/s/Liseth Gonzalez*
Liseth Gonzalez